1

2

3   Priscilla S. Bardes, Tr., Pro Se
    8881 Indian Bluff Dr.
4   Cincinnati, OH 45242-5439
    513/773-6764; No Fax Number
5   createwealthceo@yahoo.com

6                    **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF NEVADA**
7
    **PRISCILLA S. BARDES, an individual**        2:16-CV-01109-RFB-GWF
8
9                    Plaintiff

10  **VS.**                                    **PLAINTIFF'S MOTION TO AMEND**
                                               **PROOF OF SERVICE FOR**
11                                             **DEFUNCT DEFENDANT, SILVER**
    **SILVER STATE FINANCIAL**                 **STATE FINANCIAL SERVICES, INC.**
12  **SERVICES; U.S. BANK N.A. AS**            **[ECF NO. 38; ECF NO. 45]**
    **TRUSTEE FOR SECURITIZED**
13  **TRUST ADJ. RATE MORT. TRUST**
    **2004-1; DLJ MORTGAGE CAPITAL,**
14  **INC.; CREDIT SUISSE FIRST**
    **BOSTON MORTGAGE SECURITIES**
15  **CORP.; WELLS FARGO BANK, NA;**
16  **QUALITY LOAN SERVICE CORP.;**
    **MORTGAGE ELEC. REG. SYSTEM,**
17  **AKA "MERS" AND DOES 1**
    **THROUGH 140, INCLUSIVE;**
18  **McCARTHY & HOLTHUS, LLP;**
19  **EQUITY TITLE LLC**

20                   Defendants
21

22

23

24  Now comes Plaintiff, Priscilla S. Bardes, an individual ("Plaintiff") who moves this Court

25  to amend the proof of service of record [ ECF No. 38, Summons Issued; ECF No. 45,

26  Summons Returned Executed] on the docket due to the 4(m) Proof of Service Deadline,

27  filed 17 May 2016, which shows as terminated 29 July 2016. [Pacer Deadlines/Hearings

28

                                                              1

Report]. Some confusion was discussed in the December 2016 Motions Hearing. Pursuant to Defendants, Local Rules, and Federal Rules of Civil Procedure, including Fed. R. Civ. P. 4(l) and 4(m), Plaintiff requests that these errors on the docket are timely amended by the Clerk of Courts or the judiciary, since she is unable to easily accomplish this correction [ECF No. 132, ECF No. 134] — which could further dangerously impact her origination merits arguments. Plaintiff seeks the protection of this court.

### MEMORANDUM OF POINTS & AUTHORITIES

Please amend the docket to clarify that Plaintiff completed service, but on the wrong bank. *U.S. Bank Nat'l Ass'n v. Premier One Holdings, Inc.* (D. Nev., Feb. 18, 2016) No. 2:15-cv-01121-JCM-NJK at 2 ("Plaintiff incorrectly served a non-party "). See two docket entries (pasted below) in the instant case:

07/22/2016

45

SUMMONS RETURNED EXECUTED as to Silver State Financial Services re 1 Petition. Answer due 8/8/16. (ADR) (Entered: 07/22/2016)

7/11/2016

38

Summons Issued as to Silver State Financial Services re 1 -1 Complaint contained in 1 Petition for Removal. (SLD) (Entered: 07/11/2016)

2

**ECF No. 38, 11 July 2016:**  This Summons with Complaint was erroneously issued to a financial entity (which absorbed an entity with a similar name to Silver State Financial Services, Inc.), Nevada State Bank, a division of ZB, N.A., rather than to the elusive Defendant, Silver State Financial Services, Inc.; as Plaintiff has learned, it was indeed the wrong company served, as discussed in the December 2016 Motions Hearing [ECF 110-1 at 27.18-24, p177; at 31.8-20 p181]. As such, this Summons and its Summons Returned [ECF No. 45] should be amended. Amendment will exemplify that no service to the named defunct Defendant, Silver State Financial Services, Inc. occurred.  A reply letter dated 19 July 2016 from Kevin Mwangi, Operations Legal Support Specialist Lead, Nevada State Bank is attached here as ExhQQ, p.381 (one page) which confirms this.

1.   As often repeated within the record and as further proven via an official State of Nevada letter [ECF No. 125-1, ExhLL at 2, p212] the elusive defendant, Silver State Financial Services, went wholly defunct and ceased doing business about 2007, and further *left no successor organization(s) whatsoever;* see that ExhLL, 21 Dec. 2015 Letter (p212) from State of NV, Dept of Business and Industry, Div. of Mortgage Lending, Las Vegas, NV signed by Tony Frascarelli, Chief Investigator, Compliance/Audit (re Silver State).

2.   Whether this also implies that defunct and never served, Silver State as an elusive named Defendant in this action must also be further withdrawn or stricken is unclear at this time; it is critical that this court recognize that Plaintiff's claims against Silver State and the other defendants are tightly entwined together.

Removing one cog in the wheel—at origination— could dismantle crucial arguments necessary for Plaintiff to survive the motion for summary judgment. All Defendants have participated in using Richey Guidi's Baltinglass home as their business venture to make money, e.g. down through the securitization food chain, across the civil conspiracy enterprise. This court must take judicial notice of the foreclosure epidemic nationwide generated via the debt buyers and sellers enterprises and the Credit Suisse settlement with the Department of Justice [ECF No. 133 at 13.4-15.5]. Eliminating justice due to shutting down of one entity would eliminate the Congressional purpose and intent behind TILA/FDCPA, 15 U.S.C. 1692-1692p.

3.   Plaintiff does not intend for this amendment of service to represent a Voluntary Dismissal of named defendant, Silver State Financial Services, Inc. due to the need to address *Hernandez's* "entire lifecycle of debt" including its beneficiaries, nominees, assigns, servicers, debt collectors, title company, et al. as explained in detail via ECF No. 82-ECF No. 88+.

4.   Plaintiff objects to any Involuntary Dismissal of Silver State Financial Services, Inc.  The Nevada Secretary of State's office (775/684-5708) kindly informed via telephone, 1 Feb. 2017 that Silver State dissolved as of 30 June 2008.  No merger nor conversion is set forth in their files, and there is no registered agent to serve.

http://nvsos.gov/sos/sos-information/contact-us

4

1

**Federal Rules of Civil Procedure**

2

Fed.R.Civ. P. 4(l)(1) and Fed.R.Civ. P. 4(l)(3) state:

3

4

(*l*) Proving Service.

5

(1) *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.

6

7

\* \* \*

8

(3) *Validity of Service; Amending Proof.* Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

9

10

*McDaniel v. McDonald* (D. Nev., Oct. 14, 2015) 2:15-cv-0003-JAD-GWF at 3 ("Rule 4(l)

11

12

requires the plaintiff to provide timely proof that service has been completed.") It is

13

unknown if "a reasonable period of additional time to cure this defect fosters justice in

14

this case." *McDaniel v. McDonald* (D. Nev., Oct. 14, 2015) 2:15-cv-0003-JAD-GWF at 3.

15

16

Also *Donatell v. City of Las Vegas* (D. Nev., Jan. 26, 2016) No. 2:15-cv-02334-RFB-

17

NJK ("Plaintiff has shown good cause for the extension and grants the 105-day

18

extension")

19

20

Fed.R.Civ. P. 4(m) states:

21

(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff —must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

22

23

24

25

26

https://www.law.cornell.edu/rules/frcp/rule_4

27

28

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Brief 4(m) decisions against Silver State Financial Services, Inc: *Reynolds v. Silver State Fin. Servs. Inc.* (D. Nev., 2012) 2:11-CV-1525-PMP-RJJ at 1 ("Counsel for Plaintiff having failed to show good cause why this action should not be dismissed without prejudice for failure to effect timely service pursuant to FRCP 4(m),  IT IS THEREFORE ORDERED that the action is hereby dismissed without prejudice as to Defendant Silver State Financial Services, Inc."); *Ludlow v. Silver State Fin. Servs., Inc.* (D. Nev., July 16, 2015) at 3 ("IT IS FURTHER ORDERED that, under Federal Rule of Civil Procedure 4(m), plaintiff's complaint against defendants Silver State Financial Services, Inc., Recontrust Company, N.A., Old Republic Title Company of Nevada, and National Default Servicing Corporation be, and the same hereby is, DISMISSED without prejudice.")

Please protect Plaintiff's 2004 claims.

Thank you!

Dated: 3 February 2017

Respectfully,

*/s/ Priscilla S. Bardes*

Priscilla S. Bardes, Trustee, Pro Se, Cincinnati, OH
*Certificate of Service to follow*

//

Working Index for ExhQQ:

IT IS SO ORDERED:

_____

RICHARD F. BOULWARE, II
United States District Judge

DATED this 1st day of March, 2017.

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit QQ
# ExhQQ p. 381-381

- Kevin Mwangi, Operations Legal Support Specialist Lead, Nevada State Bank,

  summons reply letter (wrong firm served)……..………………………..…..381

//

# CERTIFICATE OF SERVICE  (EFILE)

It is my belief, that Plaintiff has properly uploaded a document into this court's efiling system. Pursuant to that uploading, it appears that the following attorneys of record and others have been automatically served a true and correct copy of such document.This service of process is authorized pursuant to Fed. R. Civ. P. 5(b) and Electronic Filing Procedure IV(B). I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to nor interested in this action. I have electronically signed such Certificate today for the document entitled: **PLAINTIFF'S MOTION TO AMEND PROOF OF SERVICE FOR DEFUNCT DEFENDANT, SILVER STATE FINANCIAL SERVICES, INC. [ECF NO. 38; ECF NO. 45]**

DATED: 3 February 2017

By: */s/ Dee Ellen G. Bardes*

Dee Ellen G. Bardes, sister of Plaintiff
Cincinnati, OH [*document named above*]

**Holly E. Cheong, Esq.,** hcheong@swlaw.com**;** Janine C. Prupas, Esq., jprupas@swlaw.com, Snell & Wilmer LLP, 3883 Howard Hughes Parkway, Suite 1100, Las Vegas, NV 89169, *Attorneys for Defendants Wells Fargo Bank, N.A., U.S. Bank National Association as Trustee for Securitized Trust Adjustable Rate Mortgage Trust 2004-1, and Mortgage Electronic Registration Systems, Inc. (MERS)*

**Marilyn Fine, Esq.;** Rachel E. Donn, Esq., Holley Driggs Walch Fine Wray Puzey & Thompson, 400 S. Fourth St., 3rd Floor, Las Vegas, NV 89101
702-791-0308; Fax: 702-791-1912
mfine@nevadafirm.com;
rdonn@nevadafirm.com
*Attorneys for Equity Title of Nevada, LLC*

**Aaron D Lancaster, Esq.**, Wright Finlay & Zak, 7785 W. Sahara Ave., Ste. 200
Las Vegas, NV 89117, 702-475-7964
alancaster@wrightlegal.net
*Attorney for DLJ Mortgage Capital, Inc., Credit Suisse First Boston Mortgage Securities*

**Thomas Beckom, Esq.;** Kristin A Schuler-Hintz, Esq.
McCarthy & Holthus, 9510 West Sahara, Suite 200
Las Vegas, NV 89117, 702-685-0329 x2586; Fax: 866-339-5691
tbeckom@mccarthyholthus.com
FDCNV@mccarthyholthus.com
*Attorneys for Quality Loan Service Corp. & McCarthy & Holthus, LLP*

8

# Exhibit QQ
## ExhQQ p. 380-381

- Kevin Mwangi, Operations Legal Support Specialist Lead, Nevada State Bank,

  summons reply letter (wrong firm served)……..……………………....…..381

//

# NEVADA STATE BANK

THE DOOR TO YOUR FUTURE

7/19/2016

Priscilla S Bardes TR
Priscilla S. Bardes
8881 Indian Bluff Dr.
Cincinnati, Ohio 45242

**Re: Case ID 2:16-cv-0119 RFB GWF**          **Silver State Financial Services**

Dear Sir/Madam,

We are in receipt of the above identified Summons served on SILVER STATE FINANCIAL

SERVICES, et al..

Please be advised that we are not SILVER STATE FINANCIAL SERVICES, et al. nor do we maintain or control any of their records such as those sought in your Summons. Furthermore, ZB, NA is a separate legal entity from SILVER STATE FINANCIAL SERVICES, et al. For each of the foregoing reasons, Nevada State Bank, a division of ZB, N.A. cannot produce any documents sought in your Subpoena.

In the event that a valid subpoena is properly served upon one of the banking entities within the Zions Bancorporation umbrella (i.e., Zions Bank, a division of ZB, N.A., Vectra Bank Colorado, a division of ZB, N.A., Nevada State Bank, a division of ZB, N.A., National Bank of Arizona, a division of ZB, N.A., California Bank Trust, a division of ZB, N.A., Amegy Bank of Texas, a division of ZB, N.A., Commerce Bank of Washington, a division of ZB, N.A., or Commerce Bank of Oregon a division of ZB, N.A.), responsive documents will, of course, be forthcoming to the extent that they exist.

If I can be of further assistance, please don't hesitate to contact me.

Sincerely,
Kevin Mwangi
Operations Legal Support Specialist Lead
Nevada State Bank, a
division of ZB, N.A.
O: (800) 601 9582, Opt. 2