# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PRISCILLA BARDES, *et al.*, | ) |
| Plaintiffs, | ) Case No. 2:16-cv-01109-RFB-GWF |
| vs. | ) **ORDER** |
| U.S. BANK NATIONAL ASSOCIATION, *et al.*, | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's Motion for Joinder of Necessary Parties (ECF No. 88), filed on November 10, 2016. To date, no party has filed an opposition to this motion and the time for response has now expired.

This action was removed from the Eighth Judicial District Court on May 17, 2016. ECF No. 1. This matter arises from a foreclosure of real property dispute and Plaintiff asserts ten causes of action against Defendants in her complaint. *See* ECF No. 1-1. Plaintiff requests an order compelling her son, Richey Garrison Guidi, to join this action as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure. Plaintiff represents that Mr. Guidi is an owner of and resides in the home that is the subject of this action. *See Plaintiff's Motion* (ECF No. 88), pg. 7. It appears that Plaintiff is suing on her own behalf as well as in her capacity as trustee for Mr. Guidi. *See Complaint* (ECF No. 1-1).

Pursuant to Federal Rule of Civil Procedure 19(a), a party must be joined as a "necessary" party in two circumstances: "(1) when complete relief is not possible without the absent party's presence, or (2) when the absent party claims a legally protected interest in the action." *In re County of Orange*, 262 F.3d 1014, 1022 (9th Cir.2001) (quotation omitted). If the Court finds an absent party is "necessary" under either of these tests, the Court then determines whether joinder is feasible. *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir.2005). If joinder of the necessary party is feasible, then the

party will be joined and the action will proceed. *Cundiff v. Dollar Loan Ctr. LLC*, 726 F. Supp. 2d 1232, 1243 (D. Nev. 2010).

The inquiry is fact-specific and practical. *N. Alaska Envtl. Ctr. v. Hodel*, 803 F.2d 466, 468 (9th Cir.1986). For this reason, it may be necessary to review evidence beyond the pleadings. *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 139 F. Supp. 3d 1141, 1150 (E.D. Cal. 2015) (quoting *McShan v. Sherrill*, 283 F.2d 462, 464 (9th Cir.1960). A financial stake in the outcome of the litigation does not give rise to Rule 19 necessity. *Id.*

Plaintiff has not given sufficient information to show that Mr. Guidi must be joined as a necessary party. She has identified herself as the trustee for Mr. Guidi in regard to the property at issue. *See Plaintiff's Motion* (ECF No. 88), pg. 1. Plaintiff fails to establish that the Court cannot grant complete relief among the existing parties without the inclusion of Mr. Guidi as a party. Plaintiff also represents that "[Mr.Guidi] has not indicated any interest in being a Plaintiff or participating in this action in anyway..." *Id.* at pg. 6. The Court, therefore, denies Plaintiff's Motion for Joinder of Necessary Parties without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Joinder of Necessary Parties (ECF No. 88) is **denied**, without prejudice.

DATED this 21st day of March, 2017.

GEORGE FOLEY, JR.
United States Magistrate Judge