UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PRISCILLA S. BARDES, | Case No. 2:16-cv-01109-RFB-GWF |
| Plaintiff, | ORDER |
| v. | |
| SILVER STATE FINANCIAL SERVICES, *et al*. | |
| Defendants. | |

## I.   INTRODUCTION

Before this Court is Defendants' joint Motion for Summary Judgment. ECF No. 6. The Motion for Summary Judgment was converted from a Motion to Dismiss, and Plaintiff was given the chance to file a response. For the reasons stated below, the Motion for Summary Judgment is GRANTED, and this case is closed. This order also addresses several outstanding, unsolicited supplementary motions that have been filed by Plaintiff.

## II.   FACTUAL HISTORY

The Court finds that the following facts are undisputed. On or around July 2004, Priscilla Bardes obtained a mortgage from Defendant Silver State, in the principal amount of $304,000.00 to purchase a property located at 9301 Baltinglass Street, Las Vegas, Nevada. On or about December 23, 2013, MERS assigned the loan from Silver State to Wells Fargo. On or about June 30, 2013, Wells Fargo substituted Defendant Quality Loan Service Corporation ("Quality Loan") as the trustee under Wells Fargo's Deed of Trust.

Bardes defaulted on her repayment obligations to Wells Fargo beginning on or about January 2014. On or about April 13, 2015, Quality Loan recorded a certificate from the State of

1  Nevada Foreclosure Mediation Program, permitting Quality Loan to proceed with foreclosure on
2  her property. On or about December 24, 2015, Quality Loan recorded a Notice of Default and
3  Election to Sell Under Deed of Trust. On or about March 10, 2016, Quality Loan recorded another
4  certificate from the Nevada Foreclosure Mediation Program. On or about April 4, 2016, Quality
5  Loan, as trustee, recorded a Notice of Trustee's Sale, scheduling a foreclosure sale for April 21,
6  2016, identifying the unpaid balance due on the mortgage as $274,093.68.

7  At a hearing on December 19, 2016, Bardes represented to the Court that Equity Title took
8  money from her son, Richey Guidi, but failed to put his name on the loan documents at issue.
9  However, Bardes did sign documents that constituted a promissory note and deed of trust. She has
10 not provided any documentation that would prove a deficiency in the underlying loan agreements
11 related to her mortgage loan.

12 Bardes attempted to record a "notice of rescission" with the Office of the County Recorder
13 on March 27, 2015, and was denied. The notice of rescission was sent by mail, on February 19,
14 2015, to U.S. Bank, Wells Fargo, and MERS.

16 **III.    PROCEDURAL HISTORY**

17 On April 21, 2016, *pro se* Plaintiff Priscilla Bardes filed a Complaint in Clark County,
18 Nevada. Plaintiff's Complaint asserts the following causes of action: lack of standing to foreclose,
19 fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress
20 (IIED), quiet title, slander of title, violation of the Truth in Lending Act ("TILA"), and violation
21 of the Real Estate Settlement Procedures Act ("RESPA"). On May 17, 2016, the case was removed
22 to federal court. On May 24, 2016, Defendants Wells Fargo Bank, U.S. Bank National Association,
23 and Mortgage Electronic Registration Systems (MERS) filed a Motion to Dismiss. ECF No. 6.
24 Remaining Defendants Credit Suisse, DLJ Mortgage Capital Inc., Equity Title of Nevada,
25 McCarthy Holthus, and Quality Loan Services Corporation, all joined the Motion to Dismiss. ECF
26 Nos. 8-10.

27 On December 19, 2016, the Court held a hearing on the Motion to Dismiss, and converted
28 it to a Motion for Summary Judgment, giving Plaintiff time to Respond. The converted Motion for

Summary Judgment attached a number of exhibits relating to the underlying mortgage loan at issue in this case. Plaintiff responded to the converted motion on January 9, 2017. ECF No. 120. The Court held a subsequent hearing on the converted motion on February 7, 2017.

### IV. MISCELLANEOUS MOTIONS

Plaintiff's Motion for Standing, ECF No. 28; Motion to Strike Joinder, ECF No. 34; Motion for Equitable Tolling, ECF No. 39; Motion to Strike, ECF No. 52; Motion for FDCPA Debt Collectors, ECF No. 54; Motion for Unconscionability, ECF No. 55; Motion to Strike Request for Judicial Notice, ECF No. 66; Motion for Entire Lifecycle of Continuing FDCPA Protections, ECF No. 82; First Motion Findings of Fact & Conclusions of Law, ECF No. 133; Motion for Application of Statute of Frauds, ECF No. 143; and Requests for Judicial Notice, ECF Nos. 96, 98, 110, 126, and 127, are all DENIED. These briefs are unsolicited supplementary briefs, and are not permitted under the Local Rules of this Court. "Supplementation is prohibited without leave of court. A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause. The judge may strike supplemental filings made without leave of court." Local Rule 7-2(g). To the extent Plaintiff wished to raise substantive arguments from these motions in her response to the converted Motion for Summary Judgment, she was explicitly permitted to do so within the guidelines and page limits permitted by this Court's local rules, and the Court has taken those arguments under submission.

Plaintiff's Motion to Extend Time to File Response to Motion for Summary Judgment, ECF No. 113, is DENIED as moot. Plaintiff's Motion for party name change, ECF No. 144, is DENIED; Equity Title, LLC, d/b/a Equity Title of Nevada, has been served and has participated in this case, joining the Motion for Summary Judgment. The motion is legally unnecessary.

Defendants' Motion to Extend Time to Respond to Plaintiff's First Motion Findings of Fact & Conclusions of Law, ECF No. 137, is DENIED as moot.

## V. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). When considering the propriety of summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011). If the movant has carried its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted).

## VI. DISCUSSION

### A. Lack of Standing to Foreclose and Quiet Title Claims

#### 1. Legal Standards

A wrongful foreclosure claim requires that a plaintiff show that a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. See Collins v. Union Federal Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983). The Court construes Plaintiff's "Lack of Standing to Foreclose" claim as one for wrongful foreclosure.

NRS § 40.010 governs Nevada quiet title actions, and provides: "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." A plea to quiet title does not require any particular elements, but "each party must plead and prove his or her own claim to the property in question" and a "plaintiff's right to relief therefore depends on superiority of title." Chapman v. Deutsche Bank Nat'l Trust Co., 302 P.3d 1103, 1106 (Nev. 2013) (quoting

1 Yokeno v. Mafnas, 973 F.2d 803, 808 (9th Cir. 1992)). The quiet title claims in this case relate to
2 Plaintiff's claim of wrongful foreclosure on the property.

### 2. Plaintiff Was In Default

It is undisputed that Plaintiff was in default on her mortgage loan. The Notice of Default recorded with Clark County states that she has been in default on payments since January 2014.

Plaintiff appears to argue that none of the Defendants have standing to foreclose because MERS was improperly named a beneficiary of the mortgage, and because securitization of her loan was improper and illegal. Securitization of a loan does not diminish the underlying power of sale that can be exercised upon a breach by Plaintiff of her Note and Deed of Trust. See, e.g., Edelstein v. Bank of New York Mellon, 286 P.3d 249, 256 (Nev. 2012) (holding that "separation [of the Note and Deed of Trust] is not irreparable or fatal to either the promissory note or the deed of trust… a valid beneficiary may assign its beneficial interest in the deed of trust to the holder of the note, at which time the documents are reunified" and enforcement upon a default may occur). The Ninth Circuit has held that "[e]ven if we were to accept the plaintiffs' premises [regarding] a sham beneficiary and the note is split from the deed, we would reject the plaintiffs' conclusion that, as a necessary consequence, no party has the power to foreclose." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1044 (9th Cir. 2011); Zadrozny v. Bank of New York Mellon, 720 F.3d 1163, 1169 (9th Cir. 2013) (holding that plaintiffs failed to raise a plausible claim for wrongful foreclosure, citing to Cervantes on the basis that "notes and deeds are not irreparably split: the split only renders the mortgage unenforceable if…[the] nominal holders of the deeds, are not agents of the lenders.").

Because there is no genuine dispute of material fact as to whether Plaintiff was in default, nor whether the foreclosing parties had authority to foreclose, summary judgment on her "lack of standing to foreclose" and quiet title claims is GRANTED in favor of Defendants.

. . .

. . .

. . .

### B. Fraud in the Concealment, Fraud in the Inducement Claims

#### 1. Legal Standard

To establish fraud, a plaintiff must show that defendant "provided a false representation of a material fact, which [defendant] knew to be false; that [defendant] intended the [plaintiff] to rely on the misrepresentation; that the plaintiff detrimentally relied on the misrepresentation; and that the misrepresentation proximately caused damages." See Chen v. Nevada State Gaming Control Bd., 116 Nev. 282, 284 (Nev. 2000).

#### 2. Plaintiff's Claims are Time Barred

Under NRS § 11, "an action for relief on the ground of fraud or mistake" must be commenced within three years of the events upon which the action is based. NRS § 11.190(3)(d). Tolling only applies when "despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of the claim." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). On the undisputed factual record, all the information regarding her loan was available to Plaintiff at the time of origination, through the Note and Deed of Trust, which she signed in 2004. Plaintiff has put forth no reason for the Court to equitably toll the statute of limitations period, and the Court finds that all of the documentation and disclosures related to her loan, and her fraud claim, were available to Plaintiff in 2004.

#### 3. Plaintiff Fails to Make Out a Fraudulent Representation

Plaintiff also has not established any false representation, or concealment, as required for fraud-related causes of action. Rather, her fraud claims seem to stem from MERS having been named in the Deed of Trust on her loan, and from her general allegations of inadequate disclosure of the terms of the loan and the adjustable rate mortgage. She does not allege that securitization impacted her obligations under her loan, nor that Defendants had any duty to disclose the terms of the securitization agreements they entered into. The undisputed factual record shows that the terms of her loan, and the adjustable rate mortgage, were provided on disclosure documents which Plaintiff signed.

Plaintiff has alleged that the mortgage loan paperwork was made out to exclude her son, the resident of the property at issue. However, the loan documents which Defendants have produced to the Court clearly show that Bardes signed the Promissory Note and Deed of Trust. She now seems to indicate that her son should have been a co-signatory, but she has provided no evidence of this, nor made clear how it affects her loan obligations or default. The Court finds that on the undisputed facts, Bardes was aware of all of the terms and obligations of her loan at the time of her signing, in 2004.

Because there is no genuine dispute as to whether Plaintiff was in default, as to the fact that she was aware of all the terms and conditions of the documentation she signed in 2004, and as to the fact that no fraudulent representations have been adequately alleged in her pleadings, the Court GRANTS summary judgment in favor of Defendants on all of Plaintiff's fraud claims. The undisputed factual record does not support any of the claims, and in the alternative, the Court holds that these claims are all time-barred.

### C. IIED Claim

#### 1. Legal Standard

In order to prevail on a claim of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) the plaintiff's having suffered severe or extreme emotional distress; and (3) actual or proximate causation. See Posadas v. City of Reno, 851 P.2d 438, 444 (Nev. 1993).

#### 2. Plaintiff Fails to Make Out a Claim of IIED

On the undisputed factual record before the Court, as well as the oral arguments provided by Plaintiff, there is no evidence of any "extreme and outrageous conduct" on the part of Defendants. "Extreme and outrageous conduct" as an element of IIED claims is conduct which is "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." Maduike v. Agency Rent-A-Car, 953 P.2d 24, 26 (Nev. 1998). Furthermore, Plaintiff

has not proven any "severe or extreme emotional distress" that she has suffered. "In the context of intentional infliction of emotional distress…[t]he less extreme the outrage, the more appropriate it is to require evidence of physical injury or illness from the emotional distress." Chowdhry v. NLVH, Inc., 851 P.2d 459, 462 (Nev. 1993). Plaintiff has not presented evidence of either physical injury or extreme emotional injury.

Therefore, the Court GRANTS summary judgment in Defendants' favor on the IIED claims.

### D. Slander of Title Claim
#### 1. Legal Standard

Slander of title requires (1) false and malicious communications; (2) disparaging to one's land; and (3) special damages arising therefrom. See Executive Management Ltd. v. Ticor Title Ins. Co., 962 P.2d 465, 478 (Nev. 1998).

#### 2. Plaintiff Fails to Make Out a Claim of Slander of Title

All foreclosure notices filed against Plaintiff appear to be properly based on her default regarding her mortgage loan obligations. Therefore, Plaintiff has failed to provide evidence of any "false and malicious communications", and the Court GRANTS summary judgment in Defendants' favor on the slander of title claims.

### E. TILA and RESPA Claims
#### 1. Plaintiffs Claims are Time Barred

Both TILA and RESPA have a one-year statute of limitations for their private rights of action. 15 U.S.C. § 1640(e); 12 U.S.C. § 2614. Plaintiff's TILA and RESPA claims arise out of the loan agreements she signed in 2004, and are therefore time-barred.

#### 2. Plaintiff Fails to Make Out Claims under TILA or RESPA

Plaintiff's Complaint states that Defendants violated TILA and RESPA by: "non disclosure of many issues ex: equity tolling of rescission applies based on many arguments but non-disclosure of the risk of the loan and the Defendants and many other players not mentioned on the NOTE nor deed of trust obtaining unjust enrichment and gaining from Plaintiff's hardship…". The Court finds that Plaintiff has failed to adequately plead or support either of these claims with any evidence.

Plaintiff has made reference in her pleadings to the right of rescission under TILA. TILA grants a mortgage borrower the right to rescind on their loan, within three years, if the lender has failed to provide the borrower either the notice of rescission rights or accurate material disclosures. 15 U.S.C. § 1635(a). However, the right of rescission only applies to certain transactions, such as the refinancing of a mortgage. It does not apply to a residential mortgage transaction, which is defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or the initial construction of such dwelling." 15 U.S.C. § 1602(x), 1635(e). Therefore, the right of rescission does not apply to Bardes' mortgage loan transaction, which financed her acquisition of the property at issue.

The Court finds that on the undisputed facts, Plaintiff has failed to make out claims under either TILA or RESPA; and in the alternative, that any TILA or RESPA claims are time barred.

### F. FDCPA Claim

Plaintiff claims that Defendants violated the FDCPA by failing to verify her debt. She asserts that she "sent a letter requesting validation of the debt on February 20, 2015." Under the FDCPA, a debt is presumed valid if the debtor does not dispute the debt within thirty days after an initial receipt of communication regarding debt collection. In re Chaussee, 399 B.R. 225, 238 (B.A.P. 9th Cir. 2008); Mahon v. Credit Bureau of Placer Cty., 171 F.3d 1197, 1203 (9th Cir. 1999) (a "tardy request for verification of the debt, therefore, did not trigger any obligation on the part of the Credit Bureau to verify the debt."). The loan originated in 2004, when Plaintiff first received notification about it. Therefore, Plaintiff cannot bring an FDCPA claim based on failure

1   to verify the original debt, absent specific allegations regarding improper debt collection within
2   the scope of the FDCPA's protections, or failure to verify her loans. "[A]ctions taken to facilitate
3   a non-judicial foreclosure, such as sending the notice of default and notice of sale, are not attempts
4   to collect "debt" as that term is defined by the FDCPA." Ho v. ReconTrust Company, NA, 840
5   F.3d 618, 621 (9th Cir. 2016). To the extent that Plaintiff is arguing that the Notices of Default
6   were in violation of the FDCPA, those were actions taken to facilitate a non-judicial foreclosure,
7   and are not counted within the scope of the FDCPA's protections.

8   Plaintiff asks the Court to find, based on Hernandez v. Williams, Zinman & Parham PC,
9   829 F.3d 1068 (9th Cir. 2016), that FDCPA protections should extent to Plaintiff. In Hernandez,
10  the Ninth Circuit considered 15 U.S.C. 1692(g)(a)'s requirement that within five days of "the
11  initial communication" with a consumer about the collection of a debt, a debt collector must send
12  the consumer a notice containing specified disclosures. The Ninth Circuit in that case held that
13  "the initial communication refers to the first communication sent by any debt collector, including
14  collectors that contact the debtor after another collector already did. In other words, if there are
15  multiple debt collectors that try to collect a debt, each one must send the required notice after its
16  first communication with the alleged debtor about the debt." Here, it is unclear which Defendant
17  Plaintiff is referencing in her FDCPA claim, and what material disclosures Plaintiff is alleging that
18  Defendants failed to make. In her Motion for Continuing Lifecycle of FDCPA protections, Plaintiff
19  references a variety of FDCPA statutory sections, and briefly alleges that Defendants did not mail
20  bills and written communications to Bardes' home in Ohio, and states "deception, ownership,
21  wrong debtor, forged signatures, misinformation introduced with each transfer during
22  securitization, securitization made it impossible to determine which company was correct one to
23  pay". Plaintiff has not cited to any portions of the evidentiary record or exhibits to support these
24  allegations, and to the extent that her claims rely on an incorrect premise about the invalidity of
25  the securitization process, the Court rejects those claims.

26  Therefore, the Court GRANTS summary judgment in Defendants' favor on the FDCPA
27  claims.

28

## VII.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' Motion for Summary Judgment, ECF No. 6, is GRANTED.

Plaintiff's Motion for Standing, ECF No. 28; Motion to Strike Joinder, ECF No. 34; Motion for Equitable Tolling, ECF No. 39; Motion to Strike, ECF No. 52; Motion for FDCPA Debt Collectors, ECF No. 54; Motion for Unconscionability, ECF No. 55; Motion to Strike Request for Judicial Notice, ECF No. 66; Motion for Entire Lifecycle of Continuing FDCPA Protections, ECF No. 82; First Motion Findings of Fact & Conclusions of Law, ECF No. 133; Motion for Application of Statute of Frauds, ECF No. 143; and Requests for Judicial Notice, ECF Nos. 96, 98, 110, 126, and 127, are DENIED.

Plaintiff's Motion to Extend Time to File Response to Motion for Summary Judgment, ECF No. 113, is DENIED as moot. Plaintiff's Motion for party name change, ECF No. 144, is DENIED; Equity Title, LLC, d/b/a Equity Title of Nevada, has been served and has participated in this case, joining the Motion for Summary Judgment. The motion is legally unnecessary.

Defendants' Motion to Extend Time to Respond to Plaintiff's First Motion Findings of Fact & Conclusions of Law, ECF No. 137, is DENIED as moot.

The Clerk of Court is instructed to close this case.

DATED this 31st day of March, 2017.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE